**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| IAN WOIE, *et al.*, Plaintiffs, | ) | |
| v. | ) | Civil Action No. 3:22-cv-637–HEH |
| BLUE-GRACE LOGISTICS LLC, Defendant. | ) | |

**MEMORANDUM OPINION**

**(Denying Defendant's Motion to Dismiss and Motion to Transfer)**

This case arises from an employment contract that contained a restrictive covenant prohibiting former employees from working in the transportation logistics industry following the termination of their employment. Ian Woie, Ryan Breeden, Donald Morrow, Daniel Boehling, and Traffic Tech, Inc. ("Traffic Tech") (collectively, "Plaintiffs") filed this declaratory action to invalidate the restrictive covenant as unlawful under Virginia law. (Compl., ECF No. 1.) The individual Plaintiffs are previous employees of Defendant Blue-Grace Logistics LLC ("Defendant" or "Blue-Grace"), who all live and work in Virginia and are now seeking employment with Traffic Tech.

This matter is now before the Court on Defendant's Motion to Dismiss and Motion to Transfer (collectively, the "Motion," ECF No. 13), filed on October 24, 2022. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant seeks to dismiss Traffic Tech as a plaintiff for lack of standing. (Def.'s Mem. in Supp. at 1, ECF No. 14.) Defendant contends that Traffic Tech lacks standing because it was not a party

or third-party beneficiary of the employment contract and has not shown an injury sufficient to confer standing. (*Id.* at 12.) Defendant further seeks to transfer this matter to the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a), because they allege the individual Plaintiffs are subject to valid and enforceable Florida choice-of-law and forum selection clauses within their employment agreements. (*Id.*) Both sides have submitted memoranda supporting their respective positions, and the Court heard oral arguments on January 13, 2023. For the reasons that follow, Defendant's Motions will be denied.

## I. BACKGROUND

Blue-Grace is a transportation and logistics company that primarily serves customers in the United States. (Compl. ¶ 28.) Blue-Grace's principal place of business is in Hillsborough County, Florida, and it operated a regional office in Richmond, Virginia, where it employed the individual Plaintiffs. (Compl. ¶ 13.) All the individual Plaintiffs live and work in Richmond, Virginia. (Compl. ¶¶ 8–11.)

Upon hiring the individual Plaintiffs, Blue-Grace sent offer letters to them stating that employees must sign Blue-Grace's standard noncompete agreement before the start of their employment. (Offer Letter, Ex. A at 2, ECF No. 14-2.) All the individual Plaintiffs accepted the offer letters and resigned from their previous jobs prior to reading and signing the noncompete agreements. (Pls.' Opp'n at 3, ECF No. 18.) Plaintiffs signed the noncompete agreements on or after their first day of employment with Blue-Grace. (*Id.* at 3–5.)

Not all individual Plaintiffs signed the same noncompete agreement. (*Id.* at 4.)

Mr. Woe and Mr. Morrow each signed the same Blue-Grace employment agreement and restrictive covenant in 2021. (Employment Agreement, Ex. B at ¶ 6, ECF No. 14-2.) The restrictive covenant prohibited employees from soliciting other Blue-Grace employees and customers, and working for any competing transportation logistics company in any capacity for two years following their employment with Blue-Grace. (*Id.*)

Mr. Breeden and Mr. Boehling signed an updated Blue-Grace employment agreement and restrictive covenant in 2019. (Def.'s Mem. in Supp. at 12.) Although similar to the previous one, the revised employment agreement reduced the noncompete clause to one year following termination and reduced the restrictive covenant's geographic scope. (Employment Agreement, Ex. G at ¶ 9, ECF No. 14-2.) The choice-of-law provision was the same for all agreements and specifies that Florida law will govern. (Exs. B at ¶ 1; G at ¶ 19.) Additionally, the agreements included the same forum selection clause which stated, "[a]ny action or proceeding by either Party to enforce [the] Agreement shall be brought only" in a state or federal court in Hillsborough County, Florida. (*Id.*)

In September 2022, the individual Plaintiffs terminated their employment with Blue-Grace and began employment with Traffic Tech. (Def.'s Mem. in Supp. at 3–7.) Traffic Tech, like Blue-Grace, is a third-party transportation and logistics company.[1]

---

[1] Traffic Tech, a California corporation, has its principal place of business in Chicago, Illinois, and is opening an office in Richmond, Virginia, where it seeks to employ the individual

(Compl. ¶ 62.) Traffic Tech and the individual Plaintiffs seek to have the Blue-Grace employment agreement and restrictive covenant declared unenforceable under Virginia law. (Compl. ¶¶ 69–79.)

On December 13, 2022, after briefing on Defendant's Motion concluded, Blue-Grace filed a complaint in Florida state court alleging several business tort claims against all Plaintiffs here and some additional unrelated individuals and businesses. (Pls.' Suppl. Br. at 1, ECF No. 26.) At the time of briefing and oral argument, no responsive pleadings to the Florida complaint had been submitted.

## II. DISCUSSION

### A. Motion to Dismiss

First, Defendant seeks to dismiss Traffic Tech as a plaintiff to this action. Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. III, § 2. "One element of the case-or-controversy requirement is that plaintiffs must establish they have standing to sue." *Clapper v. Amnesty Inter. USA*, 568 U.S. 398, 408 (2013) (internal citations and quotation marks omitted). To invoke federal jurisdiction, a plaintiff bears the burden of establishing three "irreducible minimum requirements" of Article III standing: (1) an injury-in-fact; (2) a fairly traceable connection between the alleged injury-in-fact and the defendant's alleged conduct; and (3) that plaintiff's injury will likely be remedied by the relief plaintiff seeks.

---

Plaintiffs. (Compl. ¶ 12.)

*Beck v. McDonald*, 848 F.3d 262, 269 (4th Cir. 2017).

A motion to dismiss for want of standing is generally brought pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because standing is a jurisdictional matter. *Ballentine v. United States*, 486 F.3d 806, 810 (3rd Cir. 2007). A defendant may challenge subject-matter jurisdiction in one of two ways: facially or factually. *Id.* (citing *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a facial challenge, which is what Defendant seeks here, a defendant contends "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 687 F.2d 1213, 1219 (4th Cir. 1982.) Accordingly, the plaintiff is "afforded the same procedural protection as she would receive under a Rule 12(b)(6) consideration," wherein "the facts alleged in the complaint are taken as true," and the defendant's challenge "must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction."[2] *Id.*

Here, Defendant challenges that Traffic Tech has not satisfied the injury-in-fact requirement.[3] (Def.'s Mem. in Supp. at 12.) "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete

---

[2] Here, Defendant's challenge of Traffic Tech's standing was brought pursuant to Rule 12(b)(6) and not 12(b)(1), however, because Plaintiffs are afforded the same protections under a 12(b)(1) motion as a 12(b)(6) motion, the Court's analysis does not change.

[3] Defendant initially challenged Traffic Tech's standing on the basis that it was not a party or third-party beneficiary of the employment contract between Blue-Grace and the individual Plaintiffs. (Def.'s Mem. in Supp. at 10.) However, because Plaintiffs have shown standing through a separate injury-in-fact, the Court will not address this portion of Defendant's argument.

and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Although it is true that threatened injuries can constitute an injury-in-fact, as the United States Supreme Court has emphasized, an injury-in-fact "must be concrete in both a qualitative and temporal sense." *Beck*, 848 F.3d at 271 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

At the time Defendant filed its Motion, Defendant argued that Traffic Tech lacked standing because Blue-Grace had not filed a lawsuit and no threat of litigation had been made either. (Def.'s Reply at 13.) However, since that time, Defendant filed a Florida state court lawsuit against Traffic Tech and the individual Plaintiffs related to the same employment agreement that is the basis of this declaratory action. The state court lawsuit now forms a "substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Accordingly, because the state court lawsuit is sufficient to confer standing to Traffic Tech, Defendant's Motion to Dismiss will be denied.

**B. Motion to Transfer**

Defendant also seeks to transfer this action pursuant to 28 U.S.C. § 1404(a). (Mot. at 1.) Section 1404(a) allows for the transfer of a civil action from one district court to another, so long as the transferee court has jurisdiction over the parties. Under § 1404(a), a district court has discretion to transfer a case, but the transferring court must

analyze four factors in deciding whether transfer is appropriate. *Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs, Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). Those factors include: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) interests of justice. *Id.* Defendant seeks to transfer this case based on a forum selection clause within the employment agreements (Def.'s Mem in Supp. at 12), which are also governed by § 1404(a). *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988).

When a contract has a valid forum selection clause, it should be given "controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). Forum selection clauses are presumed valid unless a party can show that enforcement would be "unreasonable and unjust, or that the clause was invalid . . . ." *Stronghold Sec. LLC v. Sectek, Inc.*, 582 F. Supp. 2d 726, 730 (D. Md. 2008); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Under Virginia law, a forum selection clause, like any other contract term, is enforceable only if it is "clear and unambiguous." *Palmer & Palmer Co., LLC v. Waterfront Marine Constr., Inc.*, 662 S.E.2d 77, 80 (Va. 2008). Similarly, under Florida state law, a contract is also enforceable only if it is clear and unambiguous. *Gold Crown Resort Mktg. v. Phillpotts*, 272 So. 3d 789, 792 (Fla. Dist. Ct. App. 2019).

Blue-Grace asserts two arguments for the transferring of this case to the Middle District of Florida. First, it argues that Plaintiffs are subject to valid and enforceable Florida choice-of-law and forum selection clauses. (Def.'s Mem. in Supp. at 12.)

Second, Blue-Grace asserts that notwithstanding the applicability of the forum selection clause, the case is still appropriate for transfer under § 1404(a). (*Id.*)

As to the first argument, the choice-of-law provision states, "[t]his agreement for all purposes shall be construed in accordance with the laws of Florida without regard to conflicts-of-law principles." (Ex. G to Def.'s Mem. in Supp. at ¶ 19.) Under Virginia law, if a contract specifies that another jurisdiction's substantive law governs its interpretation or application, the parties' choice of substantive law should be applied. *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 397 S.E.2d 804, 807 (Va. 1990) (citing *Union Cent. Life Ins. Co. v. Pollard*, 26 S.E. 421, 422 (Va. 1896)). Although Plaintiffs assert that the choice-of-law provision is "unreasonable, unfair, and affected by fraud or unequal bargaining power" (Compl. ¶ 78), Defendant's Motion focuses on the applicability of the forum selection clause. Because it is clear and unambiguous, its interpretation is dispositive for purposes of this Motion.

The forum selection clause states, "[a]ny action or proceeding by either Party to enforce this Agreement shall be brought only in any state or federal court located" in Hillsborough County, Florida. (Ex. G at ¶ 19.) Plaintiffs do not challenge that the use of "shall" makes this provision mandatory, however, they assert that their claim is not within the scope of the forum selection clause. Plaintiffs argue that they are seeking "to invalidate" the contract, which is not the same as claims seeking "to enforce" the contract under a plain-language interpretation. Thus, Plaintiffs argue the forum selection clause does not apply to their claim. Conversely, Blue-Grace argues that the contract's use of

"to enforce" should be interpretated to include actions that involve any challenge to the "enforceability" of the contract. The Court agrees with Plaintiffs' plain language interpretation.

Plaintiffs are not seeking contract enforcement at all. Rather, they are specifically seeking to invalidate the contract as unlawful because some of its provisions are unreasonable and against Virginia law and public policy. When looking at the plain language of the provision, the Court agrees that the language "any action or proceeding by either party *to enforce this Agreement*" does limit the applicability of the forum selection clause to causes of action seeking only *to enforce* the agreement. Blue-Grace could have used more expansive language to clearly outline that the provision was applicable to any case involving the employment agreement, such as "arising out of this Agreement," "any claim involving this Agreement," "regarding enforceability of this Agreement," etc. However, Blue-Grace chose not to include more expansive language in its non-compete agreements. Therefore, under a plain-language interpretation, the Court finds that Plaintiffs' action is not subject to the forum selection clause.

Notwithstanding the forum selection clause, Blue-Grace seeks a transfer of this case pursuant to § 1404(a). The Court finds that after analyzing the four § 1404(a) factors, this case should not be transferred.[4] *See Plumbers & Pipefitters Nat. Pension*

[4] Plaintiffs argue that Defendant cannot establish that Florida has personal jurisdiction over the individual Plaintiffs. (Pls.' Opp'n at 15.) Because the case will not be transferred, the Court will not address that issue.

*Fund*, 791 F.3d at 444.

The first factor, weight accorded to a plaintiff's choice of venue, clearly weighs in favor of not transferring. The individual Plaintiffs all reside, worked, and continue to work in Virginia. They are subject to Virginia employment laws and have an interest in pursuing their livelihoods in Virginia.

The second factor, witness convenience and access, also weighs in favor of not transferring. Again, all the individual Plaintiffs, which would be most of the witnesses in this case, are located here in the Eastern District of Virginia. Although Blue-Grace is headquartered in Florida, the Blue-Grace office where the individual employees worked was in Richmond, Virginia.

The third factor, convenience of the parties, is a more neutral factor. As mentioned before, Blue-Grace is headquartered in Florida and the individual Plaintiffs are in Virginia. Although Traffic Tech is not headquartered in Virginia, it operates in Virginia. Thus, this factor does not tip in either direction.

Lastly, as to the interests of justice factor, this factor too leans in favoring of not transferring. This is a local dispute, and there is an interest in having "local controversies decided at home." *Innovation Sciences, Inc. v. Samsung Elecs. Co.*, 925 F. Supp. 2d 863, 872 (E.D. Va. 2013). The individual Plaintiffs have had very little if any interaction with Florida. Thus, after assessing the applicability of the forum selection clause and the § 1404(a) factors, this Court will deny Defendant's Motion to Transfer.

**C. Abstention**

Finally, the Court sought additional briefing on whether this Court should abstain from hearing this matter based on principles of comity. Generally, as a threshold matter, this Court's decision to entertain a declaratory judgment action is entirely discretionary. *See Med. Mut. Ins. Co. of N. Carolina v. Littaua*, 35 F.4th 205, 208 (4th Cir. 2022). Following the Supreme Court, the United States Court of Appeals for the Fourth Circuit "recognizes that hearing declaratory judgment actions [while a parallel state court case is pending] is ordinarily uneconomical, vexatious, and risks a gratuitous interference with state court litigation." *Id.* However, "when a plaintiff seeks relief in addition to a declaratory judgment, such as damages or injunctive relief," the court must address both and the typical *Brillhart/Wilton* declaratory judgment discretion does not apply.[5] *VonRosenberg v. Lawrence*, 781 F.3d 731, 734 (4th Cir. 2015) (emphasis added). In *Colorado River*, the Supreme Court held that a federal court may abstain from deciding non-frivolous, nondeclaratory claims in favor of a parallel state suit for reasons of "wise judicial administration"—but only in "exceptional" circumstances. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976).

"Even if a parallel state court suit exists, in deciding whether to abstain for that

---

[5] *Brillhart/Wilton* abstention doctrine provides that where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a federal court may abstain from exercising jurisdiction over a declaratory judgment action. *See Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

reason, a court must balance several factors, 'with the balance heavily weighted in favor of the exercise of [federal] jurisdiction.'" *VonRosenberg*, 781 F.3d at 734 (quoting *Moses H. Cone. Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)). The *Colorado River* standard applies to all mixed claims—even where the "claims for coercive relief are merely 'ancillary' to [a party's] request for declaratory relief." *Id.* (citations omitted). "'[T]he only potential exception to this general rule arises when a party's request for injunctive relief is either frivolous or is made solely to avoid the application of the *Brillhart* standard.'" *Id.*

The *Colorado River* factors include: (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights. *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 463–64 (4th Cir. 2005). In the end, "abstention should be the exception, not the rule," and it may be considered only when "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Id.*

"State and federal suits are parallel only 'if substantially the same parties litigate substantially the same issues in different forums.'" *VonRosenberg*, 849 F.3d at 168

(quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). Even if state and federal claims arise from the same factual circumstances, they do not qualify as parallel if they differ in scope or involve different remedies. *Id.* And finally, it matters not when a complaint was filed first but how much progress has been made in the two actions. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21.

Here, Factor one is irrelevant, as neither action involves property. Factor two, convenience of the federal forum, favors maintaining jurisdiction because many of the witnesses and much of the evidence is in Virginia. Also, the individual Plaintiffs worked for Blue-Grace and Traffic Tech exclusively in Virginia. Factor three, risk of piecemeal litigation, does exist but the mere "possibility" of piecemeal litigation alone does not warrant declining jurisdiction. *See Gannett Co., Inc. v. Clark Const. Group, Inc.*, 286 F.3d 737, 746 (4th Cir. 2002). Factor four, the progress of each respective action, favors exercising jurisdiction in the Eastern District of Virginia because the instant action was filed here first and is further along than the Florida state court action. In the instant matter, the parties have already filed responsive pleadings, conferred pursuant to Federal Rule of Civil Procedure 26, agreed to a discovery plan, and served written discovery already. Only a complaint has been filed in the Florida action and no response has been filed by Defendant yet. Factor five, the presence of state law, does not warrant abstention because the state law at issue here is not complex nor an unanswered legal question. Factor six, whether the Florida court can provide adequate protection of the parties'

rights, does however favor this Court maintaining the action. Virginia low-wage employees do have a statutory right under Virginia law to advance their careers without being subject to harsh non-compete agreements. *See* Va. Stat. § 40.1-28.7:8 ("No employer shall enter into, enforce, or threaten to enforce a covenant not to compete with any low-wage employee.").[6] The Florida action may impinge on the Virginia employees' right to be free from litigation over noncompete covenants.

Therefore, after assessing the *Colorado River* factors, this Court will exercise its jurisdiction over this case and allow this case to go forward.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: February 6, 2023
Richmond, Virginia

[6] Although the Court does note this statutory cause of action, the Court does not assess the merits of whether Plaintiffs have met the requirements for this statutory right of action. For purposes of this Motion, the Court merely recognizes this cause of action is available to Virginia employees in its assessment of factor six under the *Colorado River* factors.